d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KATIE WILDER,<br>Plaintiff | CIVIL ACTION NO. 3:16-CV-00975 |
| VERSUS | JUDGE JAMES |
| COOPER TIRE & RUBBER CO.,<br>ET AL.<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are two substantively identical Motions to Remand (Docs. 10, 12) filed by Plaintiff, Katie Wilder ("Wilder"). Also pending are two Motions to Amend/Correct Complaint (Docs. 14, 21), also filed by Wilder.

The parties present conflicting evidence regarding Wilder's claim against Louisiana Defendant "Discount Tire." In an improper joinder analysis – and more specifically, in a "summary inquiry" incident to that analysis – the Court must resolve substantive factual conflicts in Wilder's favor. Accordingly, Wilder has stated a potentially viable claim against a non-diverse Defendant, and remand is warranted. Further, "Discount Tire" is apparently a trade name used by Don T. Green ("Green"), the business owner. Because the applicable factors favor amendment, Wilder should be allowed to substitute Green for "Discount Tire" as the named Defendant.

I. Background

On May 21, 2015, John Wilder was killed in a single car accident in Mississippi. He was driving a 2000 Chevrolet truck. Plaintiff Wilder – John Wilder's surviving

1

spouse – alleges that the accident was caused by tread separation on the truck's right rear tire. The tire was apparently 16 years old at the time of the accident. Plaintiff maintains Cooper Tire & Rubber Co. ("Cooper") manufactured the tire, but "Discount Tire in Monroe, Louisiana" sold the tire to John Wilder. (Doc. 1-2, p. 6).

On May 23, 2016, Plaintiff filed a Petition for Damages in the Fourth Judicial District Court in Ouachita Parish, Louisiana, asserting claims for product liability, negligence, and breach of warranty. Plaintiff named three defendants: (1) Cooper Tire; (2) "Discount Tire . . . [a] domestic unincorporated association, with its principle (sic) offices in Monroe, Louisiana . . . at 1602 Pine Street" ("Discount Tire"); and (3) "Discount Tire, Inc., d/b/a Discount Tire of Louisiana, Inc. . . . a Domestic Corporation, with its principle (sic) offices in Baton Rouge, Louisiana" ("Discount Tire of Louisiana"). (Id.).

Defendants removed, alleging Discount Tire and Discount Tire of Louisiana were improperly joined. (Doc. 1). Plaintiff moved to remand, arguing that both Discount Tire and Discount Tire of Louisiana are properly joined. Plaintiff and Cooper are diverse, and there is no dispute that the amount in controversy exceeds $75,000. The only question before the Court is whether Plaintiff has a "reasonable possibility of recovery against" Discount Tire or Discount Tire of Louisiana.

II. <u>Law and Analysis</u>

    A. <u>Defendants bear the burden of establishing improper joinder.</u>

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. <u>See</u> <u>Scarlott v. Nissan N. Am., Inc.</u>, 771 F.3d 883,

2

887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

The doctrine of improper joinder is a narrow exception to the complete diversity requirement. Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir.2004) (citing 28 U.S.C. § 1441(b). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id.

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Cuevas, 648 F.3d at 249 (quoting Smallwood, 385 F.3d at 573). When, as here, the second method is at issue,

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state

3

defendant was indeed improper, unless that showing compels the dismissal of all defendants.

Cuevas, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added).[1] "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014). Removing defendants bear the "heavy burden" of establishing improper joinder. See Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).

### B. The Court may, and does, "pierce the pleadings" to consider the "summary-judgment-type" evidence filed by both parties.

The parties dispute the proper scope of the Court's inquiry into the facts underlying Plaintiffs' claims. No dispute is warranted. The Fifth Circuit instructs courts to proceed as follows:

> First, a court looks at the allegations contained in the complaint. If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court."

Davidson v. Georgia-Pac., L.L.C., 819 F.3d 758, 765 (5th Cir. 2016) (internal citations omitted). A court is not *required* to conduct a two-step analysis in selecting the procedure. Rather, a court, in its discretion, must *either* conduct a Rule 12(b)(6)-type analysis, *or* pierce the pleadings and conduct a summary inquiry. See Int'l Energy

---

[1] Defendants do not suggest there is actual fraud in the pleadings. Rather, Defendants argue that Plaintiffs cannot recover against Discount Tire or Discount Tire of Louisiana.

4

Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 207 (5th Cir. 2016).

Importantly, a "summary inquiry" should not be confused with a "summary judgment inquiry." In a summary judgment inquiry, merely "'hinting at hypothetical questions of fact is insufficient to avoid summary judgment,'" because "the party with the burden of proof at trial must produce evidence to support its claim." Boudreaux v. Axiall Corp., 2:14-CV-2283, 2016 WL 5720616, at *7 (W.D. La. Sept. 29, 2016) (quoting Scallion v. Hartford Life & Acc. Ins. Co., No. CIV. A. 08-2001, 2009 WL 2366559, at *4 (W.D. La. July 31, 2009)). In a "summary inquiry," by contrast, "the court considers 'summary-judgment type evidence, [but] the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal.'" Boudreaux, 2016 WL 5720616, at *7 (quoting Davidson, 819 F.3d at 765).

Stated otherwise, the removing defendant must affirmatively "'preclude' the possibility of recovery." Davidson, 819 F.3d at 766. And in a summary inquiry, "[a]ny contested issues of fact and any ambiguities of state law" must be resolved in the non-removing plaintiff's favor. Travis, 326 at 649; accord Frank's Int'l, LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, CV 16-525-JJB-RLB, 2016 WL 7242565, at *3 (M.D. La. Nov. 15, 2016), report and recommendation approved sub nom. Frank's Int'l, LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA, CV 16-525-JJB-RLB, 2016 WL 7238811 (M.D. La. Dec. 14, 2016).

Here, Plaintiffs' allegations regarding Discount Tire and Discount Tire of Louisiana consist of the following:

- "Venue is proper because the sale of the defective tire occurred in Ouachita Parish." (Doc. 1-2, p. 5).
- Discount Tire "is a domestic unincorporated association, with its principle (sic) offices in Monroe, Louisiana. . . . [and] can be served at 1602 Pine Street, Monroe, LA 71201." (Doc. 1-2, p. 6).
- Discount Tire of Louisiana "is a Domestic Corporation, with its principle (sic) offices in Baton Rouge, Louisiana. . . and was actually doing business in the State of Louisiana at all times relevant to this lawsuit." (Doc. 1-2, p. 6).
- In "October, 2014 . . . John . . . Wilder, purchased six (6) tires from Discount Tire in Monroe, Louisiana," including the "subject tire" which allegedly caused the accident. (Doc. 1-2, p. 6).
- Discount Tire and Discount Tire of Louisiana "knew or should have known that it was unreasonable and unsafe to sell a 16 year old expired tire," breached their duty to John Wilder, and thereby negligently caused or contributed to the accident. (Doc. 1-2. p. 13).

As noted above, the Court could conduct a Rule 12(b)(6) analysis of these allegations, and stop at that. However, both parties submit evidence regarding the possibility that the Petition misstates or omits critical facts affecting joinder. See Davidson, 819 F.3d at 765. The evidence pertains to the corporate identities of Discount Tire and Discount Tire of Louisiana, and whether John Wilder did, in fact,

6

purchase the subject tire from one or both of those entities. Thus, the Court finds it appropriate to pierce the pleadings and evaluate the parties' evidence.

### C. Wilder may possibly recover against Discount Tire and/or its owner.

As noted above, in deciding whether a party was improperly joined, the Court's broad function is not to determine "whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only [to] for a possibility that the plaintiff might do so." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308–09 (5th Cir. 2005). In conducting a "summary inquiry" to decide an improper joinder dispute, courts must consider any "unchallenged factual allegations" and construe them in a plaintiff's favor. Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Courts should also consider whether the plaintiff has had an adequate opportunity in discovery to develop a claim against a non-diverse defendant. Davidson, 819 F.3d at 765.

As also noted above, removing defendants bear the burden of persuasion in a summary inquiry. Other defendants have satisfied this burden by submitting "evidence showing that 'the in-state doctor defendant did not treat the plaintiff,' that 'the in-state pharmacist defendant did not fill a prescription for the plaintiff patient,' that 'a party's residence was not as alleged, or any other fact that easily can be disproved if not true.'" Id.

Here, Defendants advance two principal positions. First, Defendants argue and evidence that Discount Tire of Louisiana is an entity with a Baton Rouge address, a principal place of business in Arizona, no discernable business presence in Monroe,

7

Louisiana, and no likely connection with the facts of this case. See (Doc. 1-4). Second, Defendants argue and evidence that Discount Tire did not sell the subject tire. Because the presence of one non-diverse defendant is dispositive, and because Defendants' second position must fail, the Court's analysis begins and ends there.[2]

Defendants submit the affidavit of Green, the "owner of Don T. Green, d/b/a/ Discount Tires, which is located at 1602 Pine Street, Monroe, LA 71201." (Doc. 1-3, p. 1). Based upon his purportedly detailed business records, along with the fact that he sells neither used nor 15-year-old tires, Green maintains he did not sell the subject tire to John Wilder. Defendants have therefore done more than highlight a gap in Wilder's evidence. Rather, Defendants have offered an affirmative showing that Wilder may not be able to recover against "Discount Tire" (or its owner, Green).

However, Wilder submitted two declarations in support of her Motion to Remand. In the first declaration, Katie Wilder maintains that she saw a sales invoice from "Discount Tire on Pine Street which indicated [John Wilder] purchased eight tires for approximately eight hundred dollars." (Doc. 10-1, p. 1). Wilder maintains she has personal knowledge that one of those tires was the subject tire, and that she spoke to her husband again about the purchase of the subject tire before the accident. (Id., p. 2). In a second declaration, Tonyia D. Wilder (John Wilder's daughter) states that she also saw the sales invoice from "Discount Tire," and that her father recommended she visit Discount Tire to purchase tires for her own van. (Doc. 10-2, pp. 1-2).

---

[2] Consideration of Wilder's claims against Discount Tire of Louisiana is not necessary to resolve the jurisdictional question. Therefore, the Court makes no determinations regarding those claims.

Defendants maintain these declarations should be ignored because they contain hearsay (statements made by John Wilder) and statements which contradict Wilder's pleadings (the purchase of eight tires, rather than six, as stated in Wilder's Petition).[3]  But even assuming the declarations contain inadmissible hearsay, they also contain statements which are purportedly based upon personal knowledge and observations.  Both declarants seem to indicate they actually saw the invoice and matching tires, including the subject tire.

Moreover, Wilder has sought leave to amend her Petition to assert that, to the best of her information and belief, John Wilder purchased eight, rather than six, tires. The Court does not rule upon this request.  But the request indicates Wilder admits the contradiction – and potential confusion or uncertainty – regarding the number of tires John Wilder may have purchased.  This issue may affect the weight and credibility of the declarants' testimony, among other things.  Defendants identify fertile ground for dispute, cross examination, possibly even impeachment.  But the contradictions do not make the declarations "inadmissible" at this point.  And the contradictions do not directly affect whether John Wilder may have purchased the *subject tire* from Discount Tire, regardless of how many other tires he purchased. This latter issue is more probative of whether Wilder's claim is viable.

In sum, Defendants raise precisely the sorts of issues – credibility and weight of evidence included – which the Court may not decide in Defendants' favor during a

---

[3] In her second Motion to Amend, Wilder seeks to clarify this issue.  Again, because this opinion addresses the preeminent issue of jurisdiction, the Court reaches no determination regarding this amendment.

9

summary inquiry. Rather, the Court must resolve such contested issues of substantive fact in Wilder's favor. See Davidson, 819 F.3d at 766. In doing so, and under the broad standards applicable in the improper joinder context, the Court concludes that Wilder may "possibly" recover against "Discount Tire" and/or its owner, Green.

### D. Wilder's second Motion to Amend should be granted in part, and Green should be substituted for Discount Tire.

Defendants also maintain that "Discount Tire" is a "d/b/a," and is therefore not a juridical entity capable of being sued. In one of her Motions to Amend (Doc. 21), which Defendants oppose, Wilder seeks to correct this error by naming Green as a party. To Defendants' credit, Green's identity has been clear since removal. Defendants argue that Wilder has been dilatory in seeking to substitute Green, and that Wilder now seeks to do so only to defeat diversity jurisdiction.

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." A court should ordinarily, and liberally, grant leave to amend "absent some justification for refusal." Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013). Such justifications may include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment.'" Id. (quoting United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 386 (5th Cir. 2003)). "Leave to amend also may be denied when amendment would be futile." Whitley, 726 F.3d at 648. Moreover, when considering an amendment to add a non-diverse defendant, the court should

10

> "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."

Villarreal v. Wells Fargo Bank, N.A., 814 F.3d 763, 768–69 (5th Cir. 2016) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).

In this case, Wilder sought leave to amend approximately two months after removal, and approximately four months after filing suit. Given that Defendants' Notice of Removal placed Wilder on notice that Green – and not "Discount Tire" – was the proper party, Wilder's effort to amend was certainly not prompt. Wilder's delay does not favor leave to amend.

However, the Court finds no indications of bad faith, dilatory *motive*, or repeated failures to cure deficiencies on Wilder's part. There is no suggestion Wilder's failure to substitute Green served some strategic purpose. Further, the Court does not find that Defendants will suffer any particular prejudice if leave is granted. Defendants will, of course, be deprived of their choice of a federal forum. Notably, that choice was justifiable at the time of removal. To compound that problem, Wilder offers no particularly compelling reason for failing to properly name Green at the outset, or at least sooner after removal.

But in truth, Wilder's amendment does not meaningfully change the complexion of the case. Wilder initially named "Discount Tire," which is the trade name of Green's proprietorship. Wilder served "Discount Tire" through Green,

11

meaning Green has been aware of this lawsuit since its inception. Thus, Wilder's amendment more comparable to a name correction than the addition of an entirely new party.

In addition, Wilder could be substantially injured if the amendment is not allowed. Assuming Defendants are correct and "Discount Tire" is not a juridical entity capable of being sued, dismissal of "Discount Tire" would be warranted. Venue aside, Green may be the only party from whom Wilder could recover for the sale of the subject tire if her claims for that sale are viable.

Finally, Wilder's amendment is not exclusively intended to defeat federal jurisdiction. Of course, with any request for remand comes a request to leave a federal venue. But Wilder attempted to sue "Discount Tire" in state court, before federal jurisdiction was at issue. Wilder always intended to sue the proper legal entity on Pine Street in Monroe. Her failure to do that from the outset – while arguably unjustified – was, again, not artful. Wilder is not naming Green simply to obtain remand.

Thus, Wilder should be allowed leave to amend only to substitute Green for Discount Tire as the proper party. The remaining portions of Wilder's Motions to Amend do not bear upon jurisdiction, and should therefore be left to the discretion of the state court.

### III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Motions to Remand (Docs. 10, 12) filed by Plaintiff, Katie Wilder, should be GRANTED, and this matter should be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita for further proceedings.

IT IS FURTHER RECOMMENDED that the Motion to Amend/Correct Complaint (Doc. 21) filed by Plaintiff, Katie Wilder, should be GRANTED IN PART to the extent it seeks to substitute "Don T. Green" as a defendant in place of Discount Tire," and DENIED IN PART in all other respects as MOOT.

IT IS FURTHER RECOMMENDED that the Motion to Amend/Correct Complaint (Doc. 14) filed by Plaintiff, Katie Wilder, should be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

13

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>  20th  </u> day of January, 2017.

                                                                   _____
                                                                   Joseph H.L. Perez-Montes
                                                                   United States Magistrate Judge